BUNCH, Plaintiff, v. SCANLON, Admr., etc., et, Defendants.

Common Pleas Court, Cuyahoga County.

No. 685184. Decided February 16, 1959.

*Messrs. Fleck & Fleck*, by *Mr. Aaron H. Fleck*, for plaintiff. *Mr. Mark McElroy*, attorney general, by *Mr. Richard Patton*, for defendant.

For further history see *Omnibus Index* in bound volume.

OPINION BY CHARLES W. WHITE, J.

*The Court.* Now gentlemen of Counsel, the Court has before it a motion by the defendant Administrator to dismiss the notice of appeal and the petition on the ground that the requirements of Section 4123.51.9, Revised Code, have not been met.

The motion to dismiss was originally filed June 6, 1957, withdrawn February 11, 1959 and was refiled with a supplemental or additional brief and affidavit on February 13, 1959, so that the Court is confronted, inevitably confronted, with a decision on this question before this trial can continue to go forward.

By reference to the notice of appeal, it is stated therein that Michael Bunch, the employee, takes an appeal "from the order of the Industrial Commission entered May 22, 1956," and it states that the order of the Commission is appealable under Section 4123.51.9, Revised Code.

The petition filed on the same date (that is, June 19, 1956), as the notice of appeal, referred, in turn, to no order of the Industrial Commission, except perhaps that of May 17, 1956, which notes that the claim came on for hearing under Sections 4123.51.9 and 4123.51.6, Revised Code, and was "held for decision."

It is further alleged, following the allegations set forth, that the Order or Decision of May 22, 1956, was in terms as follows:

"Thereafter, on May 22, 1956, the following order was made:

" 'On further hearing, the Board of Review, after fully considering the proof of record, orders that claim for disability due to rheumatoid arthritis be disallowed on appeal; that the order of the District Board of Claims, made on October 22, 1954, disallowing claim for such disability be affirmed.' "

This being an appeal pending on September 7, 1957, when House Bill 795, passed by the 102nd General Assembly became effective as an amendment to Section 4123.51.9, Revised Code (as originally enacted in 1955, and effective October 5, 1955), the 1957 Act provides, without equivacation or ambiguity:

"Any action pending in Common Pleas Court on the effective date of this Act under Section 4123.519, Revised Code, shall be governed by the terms of this Act."

The Court has no choice but to apply the terms of the 1957 Act so far as the technical aspects of this appeal are concerned.

Section 4123.51.9, Revised Code, as amended in 1957, and effective September 7, 1957, begins as follows, in the very first sentence, omitting parts not pertinent:

"The claimant may appeal a decision of the Industrial Commission in any injury case other than a decision as to the extent of disability, to the Court of Common Pleas of the County in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the State."

Here we have a claimant who has undertaken to appeal from what is designated in his notice of appeal and, by inference, in his petition, a decision of the Industrial Commission, in an injury case which has nothing to do with the extent of disability. Such an appeal is permitted by the provision just read.

But the Legislature went further and provided that: "Like appeal may be taken from a decision of a Regional Board from which the Commission has refused to permit an appeal to the Commission."

Now if, by those two corollary provisions, the Legislature intended to authorize an appeal in only one situation, instead of two distinct situations, one has to believe that the Legislature was not mindful of what it was doing. This Court cannot come to that conclusion.

If we have here an appeal from a decision of the Industrial Commission, this Plaintiff is properly in Court. If, on the other hand, we have a like appeal from the decision of the Regional Board, from which the Commission has not, as of June 19, 1956, refused to permit an appeal to the Commission, this plaintiff is not properly in court, as much as I regret to say so.

From a careful study of both the 1955 Act, which was in force when this case was first instituted in June, 1956, and an equally careful consideration of the 1957 Act, which tells each Common Pleas Court that it is governing in appeals of this

character—and incidentally, it particularly mentions there are two types of cases which may be appealed, or two types of situations from which an appeal may be prosecuted to this Court—they are identical. The Acts are identical. There is no difference.

Now what have we here?

The plaintiff contends that the Board of Review, upon its consideration of this matter, in May, 1956, was acting as the Industrial Commission. Defendant, on the other hand, says that is not so, that the Board of Review was clothed with authority to hear and determine the matter in the first instance by virtue of an assignment by the Industrial Commission, such assignment being authorized by the third paragraph of Section 4123.51.6, Revised Code, as the same was in May of 1956, and as it still is under the 1957 Act.

Now gentlemen, the Court is unable to escape from the reality that upon a decision being handed down by the Regional Board of Review, whether upon assignment of the Industrial Commission or otherwise, the statute contemplates a refusal by the Commission to permit a further appeal to the Commission as a condition precedent to an appeal to the court from a decision by the Board of Review.

Within one week after the Regional Board decision, the plaintiff filed his "Application for Reconsideration" with the Industrial Commission, which indicates to this Court that the plaintiff may well have had in mind the provision that "like appeal" may be taken from the decision of the Regional Board from which the Commission has refused to permit an appeal to the Commission.

If an appeal to the Commission under those circumstances, from the decision of the Regional Board, is a useless thing, one wonders in vain why the Legislature so provided.

Now while that Application for Reconsideration was pending, and without withdrawing the same, notice of appeal was filed in this case twenty-eight days after the decision now complained of. Even after notice of appeal was filed in this case, the Application for Reconsideration, then pending, was not withdrawn. And the Commission, within a week after notice of appeal was filed, according to the evidence before the Court

on this motion, proceeded to decide the Application for Reconsideration, and denied an appeal, or a further appeal, from the Board of Review's decision to itself.

Even after the plaintiff had notice of that decision of June 26, 1957, it is most regrettable that nothing was done to take cognizance of what had actually happened, for there was still time to dismiss the present appeal without prejudice, and institute a brand new appeal from the order of the Commission, refusing to allow an appeal, handed down June 26, 1957. That was not done.

Instead, plaintiff, without having been refused a further appeal by the Commission, elected to treat the order of the Board of Review as an appealable order without reference to whether the Commission would or would not thereafter allow a further appeal.

One can be further certain that if the decision of the Commission in June, 1956, had been different, that is to say if the Commission had allowed a further appeal, this appeal now before the Court would have been dismissed, and on the plaintiff's own motion. The Commission, however, having refused a further appeal, the plaintiff maintained his position that that was a matter of no legal consequence whatever, because the Board of Review, in May, 1956, in the Bunch case, was acting as the Industrial Commission.

No law has been cited to me, no statutory provision has been cited to me, and I believe none can be, that the Industrial Commission either had the authority to delegate to the Board of Review its powers in the premises to grant or refuse a further appeal to itself, or that the Industrial Commission did, in fact, do so.

And there comes to mind in that connection, a substantial contrast afforded in December, 1955, according to the evidence, when the Board of Review referred this case to a Mr. Richard Thrall for consideration of settlement. The Board of Review reported that reference, or that action, to the Industrial Commission, and the evidence shows that the Industrial Commission—that evidence appearing from Plaintiff's Exhibit 20—that the Industrial Commission, by a vote of the Commissioners, a unanimous vote of the Commissioners, adopted the decision or

order, as you may choose to call it, or the ruling, of the Cleveland Regional Board of Review.

With respect to the decision, or ruling, or order of the Cleveland Regional Board of Review in May, 1956, and particularly that of May 22, 1956, there is no corresponding evidence of any ratification, adoption, or approval of such order by the Industrial Commission. And that omission, of course, precludes the Court from indulging in any speculation as to whether the Industrial Commission did, in fact, ratify or adopt the conclusion of the Regional Board as its own.

I said a moment ago that no law had been cited to support the contention that the Board of Review, in this respect, was acting as the Industrial Commission. There is a case cited from the Common Pleas Court of Hamilton County, where Judge Leis, in a similar case, which is distinguishable on the facts only on the point that no Application for Reconsideration was filed in that case after the order of the Board of Review was entered—Judge Leis found that in that situation an appeal would lie from the order of the Regional Board of Review to the Common Pleas Court.

With all due respect to Judge Leis, whose abilities I admire and whose opinions I respect, in the opinion of this Court, Judge Leis simply overlooked a salient provision of the statute, the 1955 statute which was in full force and effect at the time that he made his decision, namely, that a decision of the Board of Review is appealable in the event the Industrial Commission refuses an appeal to itself.

Both the 1955 Act, under which the decision of the Board of Review was made, and the 1957 Act, under which this appeal is being heard, are the same on this point.

This Court must assume that the Common Pleas Court of Hamilton County took account only of the following provision in Section 4123.51.9, Revised Code; "A like appeal may be taken from the decision of a Regional Board." This Court cannot escape the conclusion that that Court, therefore, overlooked or gave no consideration to the words following "Regional Board," those words being, "from which the Commission has refused to permit an appeal to the Commission."

This Court is bold enough to believe that if the Hamilton

County Court did not take those last words into account, or overlooked them, that it was because the point may not have been urged, or because that Court, as revealed in its opinion, was very strongly influenced by what it termed and referred to as "The spirit of the Workmen's Compensation Act."

This court is also mindful of the spirit of the Act. This Court is no less tempted to give a fulsome, liberal construction to the portions of the Act now before it, but having in mind that the Workmen's Compensation Act, wherein it provides for an appeal to the Court, provides for a statutory appeal; and if an appeal does not come within the terms of the statute, we hold that the Court is powerless either to supply omissions or under the guise of liberal construction to stretch or nullify the meaning of what the Legislature actually enacted.

This Court feels so strongly in this matter, and it might as well acknowledge it, that I would remind counsel of what I said to counsel privately the other day, that if there were any way that this Court could honestly and conscientiously reach the conclusion that this motion should be overruled, counsel for the Defendant Administrator could depend upon the Court to do just that. The ruling on this motion is vital to Mr. Bunch. Whether or not the jury might find that his present condition, or his condition in 1955, was the proximate result of the injuries suffered by him in 1951, one must be sensitive to the justice inherent in his right to present it to a jury and have it decide that issue.

So the Court is confronted, and has been confronted from the outset, or from the time this motion was filed, with the prospect of having to perform a very disagreeable and unpleasant duty. The Court would be unfaithful to its oath of office if it didn't face up to the responsibility. This Court therefore concludes that the motion to dismiss the notice of appeal and the petition in this case must be granted for the reason that the decision appealed from is the decision of the Board of Review, from which the commission had not, as of June 19, 1956, refused an appeal to the Commission.

Exception is saved to the plaintiff-claimant.